IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY JAMES SMITH,                                          CV. 08-245-ST

        Plaintiff,                    ORDER TO DISMISS

  v.

SHAYNE W. GUSTAFSON,

        Defendant.

HAGGERTY, District Judge.

    Plaintiff initially filed this civil rights action pursuant to 42 U.S.C. § 1981. He alleged that defendant, the Director and Chief Executive Officer of the Northwest Adventist Federal Credit Union, breached a credit union contract when he repeatedly refused to allow plaintiff to draw "bills of exchange" against his account based on plaintiff's status as an incarcerated individual.

    On April 11, 2008, the court dismissed plaintiff's Complaint for failure to state a claim because he had not alleged that he was the victim of purposeful racial discrimination. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459-60 (1975); *Cerrato*

1 - ORDER TO DISMISS

*v. San Francisco Cmty. Coll. Dist.,* 26 F.3d 968, 971 n.4 (9th Cir. 1994); *Jurado v. Eleven-Fifty Corp.,* 813 F.2d 1406, 1412 (9th Cir. 1987). The court did, however, allow plaintiff an opportunity to file an amended complaint identifying an alternate basis for federal court jurisdiction. The court advised plaintiff that his failure to comply with the Order would result in the dismissal of this case with prejudice.

Plaintiff filed his Amended Complaint (docket #9) on May 30, 2008 and seeks to bring his claims pursuant to 42 U.S.C. § 1983. A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff fails to state a § 1983 claim upon which relief may be granted because defendant is not a state actor.

Although given two opportunities to establish a basis for federal jurisdiction, plaintiff has been unable to do so. Because the court is also unable to independently ascertain a basis for federal jurisdiction, the Amended Complaint is dismissed with prejudice.

///

///

2 - ORDER TO DISMISS

## **CONCLUSION**

Plaintiff's Amended Complaint (docket #9) is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

DATED this __17th__ day of June, 2008.

                             __/s/ Ancer L. Haggerty__
                                Ancer L. Haggerty
                                United States District Judge